On petitioner's reconsideration filed December 22, 1983,
reconsideration granted; former decision filed November 23
(65 Or App 814, 671 P2d 1211) withdrawn; reversed March 7, 1984

In the Matter of the Compensation of
Julie Ristick, Claimant.

## PACIFIC NORTHWEST BELL TELEPHONE COMPANY,
*Petitioner,*

*v.*

## RISTICK,
*Respondent.*

(80-08650; CA A27041)

677 P2d 762

Before Buttler, Presiding Judge, and Warren and
Rossman, Judges.

PER CURIAM

## PER CURIAM

Pacific Northwest Bell Telephone Company (Bell) has petitioned for reconsideration of our decision, 65 Or App 814, 671 P2d 1211 (1983), affirming the Board's and the referee's decisions holding that claimant had a compensable claim. We grant the petition in the light of *McGarrah v. SAIF,* 296 Or 145, 675 P2d 159 (1983).

We are now convinced that the claim is not compensable. It is unclear from the evidence whether the stress that claimant attributed to her work was real, as required by *McGarrah,* or was merely based on her unfounded perceptions. We also conclude that, regardless of whether the work-related stress was real or merely perceived, it was not the major contributing cause of claimant's mental disability. Claimant had a strong susceptibility to tension arising out of her family relationships and was involved in several family-related crises during her employment at Bell. It was, in fact, the most recent of those crises, the death of her aunt, that precipitated an extended unauthorized leave of absence from Bell, resulting in her termination for voluntary job abandonment. The medical evidence also establishes that claimant's employment was not the major contributing cause of her mental disorder. Accordingly, her claim is not compensable. *McGarrah v. SAIF, supra; SAIF v. Gygi,* 55 Or App 570, 639 P2d 655, *rev den* 292 Or 825 (1982).

Petition for reconsideration granted; former decision withdrawn; reversed.